No. 6171.

## GEO. D. FISHER vs. WALTER HERNANDEZ.

### Syllabus.

The burden of proof is upon the lessee of movables to exonerate himself from liability for their damage or loss because the evidence of that fact is peculiarly within his power.

After he has negatived the presumption of negligence, the burden of proof is shifted to the lessor to establish the fault or negligence of the lessee.

No unfavorable inference can be drawn against a party to a suit for failure to produce corroborative testimony.

Appeal from the Civil District Court, for the Parish of Orleans, Division "A," No. 97,630. Hon. T. C. W. Ellis, Judge.

S. F. Gautier, Hyde and Seeber, for plaintiff and appellee.

Walker & Wolf, for defendant and appellant.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

This is a suit for the value of a horse and for the hire and stabling of same.

Plaintiff alleges that on May 18, 1911, he hired a horse to defendant for the price of one dollar a day; and that on June 18, next, defendant so permanently injured said horse as to render it unfit for any further use; that the horse was worth $175; that defendant also failed to pay him hire of said horse from May 18, 1911, or for caring of his surrey during 27 days at 25 cents a day, and 50 cents for returning the horse to the stable.

—348—

Defendant admitted owing thirty dollars for the hire of the horse, but denied that the horse had been injured through his fault.

There was judgment for plaintiff for the hire of the horse from May 18 to June 18, 1911, as admitted   $30.00

For the value of the horse ............. ........   150.00

For the stabling of same from June 18, 1911, to December 29, 1911, 193 days at 50 cents per day ............................   96.50

Making a total of ..................... $276.50

Subject to a credit for the sale of the horse....   95.00

Leaving a balance due ..................... $181.50

With legal interest from December 29, 1911.

Defendant has appealed and plaintiff has answered the appeal praying for an increase of the judgment to $212.25 as prayed for in the petition.

Plaintiff's evidence is that plaintiff keeps a livery stable; that he hired the injured horse to defendant for $1.00 a day; that the horse remained in plaintiff's stable; that the defendant took it out every morning and returned it every evening; that the horse was in good condition at the time of the hiring up to the morning of June 18 when defendant took it out; when it was returned in the evening its shoulder bone was badly hurt; so much so that the horse could not be used and that it remained in plaintiff's stables under the care of a veterinarian up to December 19, 1911, when plaintiff sold him for $95.00. Plaintiff was unable to state what caused the injury to the horse, except that defendant told him he was overcome by the heat; the horse was stabled on Gravier

Street and about eleven o'clock defendant tied it to a tree on St. Charles Avenue near Audubon place covering it with a light spread and notified plaintiff to send for it. The veterinarian testified that when he was called in to treat the horse, that he could barely get it to walk a block to his hospital; that the horse was terribly injured in the shoulder; that he applied lotions to it and in a couple of days there was an abscess formed from which he took out six or seven small pieces of bone, where it had been fractured; that the injury must have been caused by some strong blow or knock, that he knows the defendant and that he takes good care of his stock; he knows the horse had had bone spavins in both hind legs and that they had been fired; the horse was only serviceably sound.

The defendant testifies that he has always owned good horses and that he always takes good care of them; that on the morning of June 18, he took the horse out in his surrey, and was driving with three persons, whose names he gives, when the horse stumbled several times; he succeeded in driving up to his residence, corner of Audubon and Claiborne Avenue; after stopping about twenty minutes he got into the surrey again to go down town; within 30 or 40 feet the horse stumbled again and partly fell, when he reached St. Charles Avenue he tied him to a tree and rode down in a street car and proceeded to the plaintiff's stable and notified him that his horse had been broken down; he could not account for the condition of the horse. The plaintiff had offered to sell him the horse for $125.

C. C., 2721 (2691):

"The lessee is only liable for the injuries and losses sustained through his own fault."

The burden of proof is upon the lessee of movables to exonerate himself from liability for their damage or loss because the evidence of that fact is more within his power. **1 H. D., 495, VIII, No. 2.** After he has negatived the presumption of negligence on his part, created by the damage or loss of the thing while in his possession, the burden of proof is shifted to the lessor to establish that the damage or loss was caused by the fault of the lessee. **1 H. D., 802 (2) Nos. 1 to 9.**

We think the defendant has shown that he was not guilty of fault or negligence in the management or treatment of the horse and plaintiff utterly fails to prove any against him. The horse might have been hurt before it left the stable the morning of June 18, 1911.

Plaintiff contends that the failure of Hernandez to produce as witnesses the two parties who were with him in his surrey on the day of the accident is a circumstance to be construed against him.

They were only corroborative witnesses and Hernandez was not under any obligation to produce them.

**22 Am. & Eng. Enc. Law, p. 1262.**

For these reasons the judgment in favor of plaintiff is reduced to $37.25 with costs in both Courts.

Opinion and decree, June 26, 1914.

Rehearing refused, July 17, 1914.